[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-12576
Non-Argument Calendar
_____

D.C. Docket No. 8:16-cr-00428-VMC-TBM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GREGORY BROWN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(December 17, 2020)

Before WILSON, ANDERSON, and EDMONDSON, Circuit Judges.

PER CURIAM:

Gregory Brown appeals his 90-month sentence -- imposed upon resentencing -- after Brown pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  No reversible error has been shown; we affirm.

At Brown's original sentencing, the sentencing court concluded Brown was subject to an enhanced sentence under the Armed Career Criminal Act ("ACCA"). This determination was based on Brown's three Florida felony convictions for delivery of cocaine within 1000 feet of a school, in violation of Fla. Stat. § 893.13. On direct appeal, we affirmed Brown's conviction, vacated his sentence, and remanded for resentencing without the ACCA enhancement.  See United States v. Brown, 750 F. App'x 892, 896 (11th Cir. 2018) (unpublished) (concluding that the government failed to prove that Brown's three felony drug offenses were committed on different occasions).

On remand, the probation officer prepared a revised Presentence Investigation Report ("PSI") for resentencing.  In the light of Brown's prior felony convictions for violations of Fla. Stat. § 893.13, the PSI concluded that Brown had at least two convictions for a "controlled substance offense."  The PSI thus

2

assigned a base offense level of 24 under U.S.S.G. § 2K2.1(a)(2).  The PSI then applied a 3-level reduction for acceptance of responsibility, resulting in a total offense level of 21.  Based on this total offense level and Brown's criminal history category of VI, Brown's guidelines range was calculated as 77-96 months' imprisonment.  Brown made no objections to the revised PSI.  The sentencing court imposed a sentence of 90 months' imprisonment.

On appeal, Brown now challenges the sentencing court's calculation of his guidelines range.  Brown says the guidelines definition of "controlled substance offense" should be read to include a <u>mens rea</u> requirement.  Because Brown's convictions under Fla. Stat. § 893.13 include no <u>mens rea</u> requirement for the illicit nature of the controlled substance, Brown says those offenses cannot qualify as "controlled substance offenses" under the guidelines.

Because Brown raises this argument for the first time on appeal, we consider it only for plain error.  <u>See United States v. Vandergrift</u>, 754 F.3d 1303, 1307 (11th Cir. 2014).

As Brown concedes, his sole argument on appeal is foreclosed by our binding precedent.  <u>See United States v. Smith</u>, 775 F.3d 1262, 1266-68 (11th Cir. 2014) (concluding that a conviction under Fla. Stat. § 893.13 constitutes a "controlled substance offense" within the meaning of the guidelines: a predicate

3

state offense need not include "an element of <u>mens rea</u> with respect to the illicit nature of the controlled substance."); <u>see also United States v. Pridgeon</u>, 853 F.3d 1192 (11th Cir. 2017) (upholding the decision in <u>Smith</u>).  Under our prior panel precedent rule, we are bound by our decision in <u>Smith</u>.  <u>See United States v. Archer</u>, 531 F.3d 1347, 1352 (11th Cir. 2008) ("a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting <u>en banc</u>.").

Because Brown has demonstrated no error -- plain or otherwise -- we affirm.

AFFIRMED.

4